**DREHER LAW FIRM**
Robert Scott Dreher (CSB No. 120527)
Robert Scott Norman (CSB No. 253185)
Historic Louis Bank of Commerce Building
835 Fifth Avenue, Suite 202
San Diego, CA 92101
619-230-8828 / fax 619-687-0136

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC BEACH UNITED METHODIST CHURCH, a California Religious Corporation; and its Pastor APRIL HERRON;<br><br>Plaintiffs,<br><br>vs.<br><br>The CITY OF SAN DIEGO; CITY OF SAN DIEGO NEIGHBORHOOD CODE COMPLIANCE DEPARTMENT; Mayor JERRY SANDERS, City Council Members SCOTT PETERS, KEVIN FAULCONER, TONI ATKINS, TONY YOUNG, BRIAN MAIENSCHEIN, DONNA FRYE, JIM MADAFFER, BEN HUESO, NCC Director MARCIA SAMUELS, NCC Land Development Investigator PAMELA JONES, and City Attorney MICHAEL J. AGUIRRE, in their official capacities; and DOES 1-25;<br><br>Defendants. | Civil Case No.: 07 CV 2305LAB PCL<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE (*FRE 201*) IN SUPPORT OF THEIR MOTION FOR A PRELIMINARY INJUNCTION**<br><br><br><br>Judge: Hon. Larry A. Burns<br>Date: February 25, 2008<br>Time: 10:30 a.m.<br>Ctrm: Courtroom 9, Second Floor |

Pursuant to Federal Rule of Evidence 201(b), Plaintiffs respectfully request that this Court take judicial notice of the following facts:

(1)   Order for Preliminary Injunction filed on August 26, 1985, in the United States District Court for the Southern District of California, in *Sonrise Christian Fellowship v. City of San Diego*, No. 86-1429 S, a copy of which is attached hereto as Exhibit 1;

(2)   Stipulation and Order filed on July 23, 1986, in the United States District Court for the Southern District of California, in *Sonrise Christian Fellowship v. City of San Diego*, No. 86-1429 S, a copy of which is attached hereto as Exhibit 2;

(3)   Pacific Beach United Methodist Church is religious organization (*See* Herron Decl. ¶¶ 1-4);

(4)   Plaintiffs are members of the United Methodist denomination of the Christian faith (*See* Herron Decl. ¶¶ 1-4);

(5)   As members of the United Methodist and Christian faiths, Plaintiffs are commanded to minister to, feed, and care for the poor in order to achieve physical and spiritual redemption (*See* Herron Decl. ¶¶ 1, 5-23; Ex. 3);

(6)   Plaintiffs manifest this religious belief by providing food and care to the poor on a weekly basis as part of their Wednesday Night Ministry (*See* Herron Decl. ¶¶ 24-26; Ex. 3).

(7)   Providing food and care to the poor is a sincerely held act of religious faith and worship.  *See, e.g., Stuart Circle Parish v. Board of Zoning Appeals*, 946 F. Supp. 1225, 1236-37 (E.D. Va. 1996); *Western Presbyterian Church v. Bd. of Zoning Adjustment*, 862 F. Supp. 538, 544 (D.D.C) (acts of charity are an essential part of religious worship); (Herron Decl. ¶¶ 5-23);

(8)   Providing food and care to the poor is a central tenet of the United Methodist denomination of the Christian faith. *See Stuart Circle Parish*, 946 F. Supp. at 1236 (feeding

the poor is a central tenet of the Methodist faith); *Western Presbyterian Church*, 862 F. Supp. at 544 (acts of charity are "a central tenet of all major religions."); (Herron Decl. ¶¶ 5-23; Ex. 3); *and*

(9)     Plaintiffs' participation in the Wednesday Night Ministry constitutes the free exercise of religion protected under the First Amendment to the United States Constitution and RLUIPA. *See Stuart Circle Parish*, 946 F. Supp. at 1237.

Federal Rule of Evidence 201(b) provides that a court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Exhibits 1 and 2, true and correct copies of which are attached to this Request for Judicial Notice, are prior orders from this Court enjoining Defendants from interfering with another church's practice of providing food and care to the poor. The contents of these documents are readily capable of verification and are not reasonably subject to dispute. Accordingly, this Court can and should consider them in deciding Plaintiffs' Motion for Preliminary Injunction.

Federal courts may also take notice of the religious practices of the United Methodist Church. *See Werner v. McCotter,* 49 F.3d 1476, 1480 (10th Cir. 1995) (judicial notice of the central and fundamental role played by the Sacred Sweat Lodge in many Native American religions); *Northern Trust Co. v. Commissioner of Internal Revenue*, 116 F.2d 96, 98 (7th Cir. 1940) (judicial notice of general teachings of the Christian Science religion). The District Court in *Stuart Circle Parish* previously held that feeding the poor is a central tenet of the Methodist faith. *Id.* at 1236; *see also Western Presbyterian Church*, 862 F. Supp. at 547 (providing ministry, food, and care to the homeless is "a form of worship akin

to prayer."). The Declaration of Pastor April Herron establishes that the practice of providing food and care to the needy is a well-grounded in the Christian faith. Additionally, the religious tenet of providing food and care to the needy is a matter of general knowledge within the territorial jurisdiction of this Court, it is not reasonably subject to dispute, and it is readily capable of verification by reference to the Bible, as cited in the accompanying Declaration of Pastor April Herron and Memorandum of Points and Authorities.

Based upon the foregoing, this Court can and should take judicial notice of each of the items and facts described above and attached as exhibits hereto.

Dated: January 11, 2008

**DREHER LAW FIRM**

s/ Robert Scott Dreher
Attorney for Plaintiffs
E-mail: scott@dreherlawfirm.com

N:\JD\CASES\264\PINJ-RFJN.doc