MICHAEL J. AGUIRRE, City Attorney
ROBERT J. WALTERS, Deputy (CSBN 140741)
Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Telephone: (619) 533-5800
Facsimile: (619) 533-5856
E-mail: Rwalters@sandiego.gov

Attorneys for Defendants CITY OF SAN DIEGO, CITY OF SAN DIEGO NEIGHBORHOOD CODE COMPLIANCE DEPARTMENT, JERRY SANDERS, SCOTT PETERS, KEVIN FAULCONER, TONI ATKINS, TONY YOUNG, BRIAN MAIENSHCEIN, DONNA FRYE, JIM MADAFFER, BEN HUESO, MARCIA SAMUELS, PAMELA JONES, and MICHAEL J. AGUIRRE

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PACIFIC BEACH UNIFIED METHODIST CHURCH, a California Religious Corporation; and its Pastor APRIL HERRON,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF SAN DIEGO; *et al.*,<br><br>Defendants. | Case No. 07cv2305-LAB-PCL<br><br>**DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>**[Fed. R. Civ. P. Rule 12(b)(1), (6)]**<br><br>**Judge:** Larry Alan Burns<br>**Dept.:** Courtroom 9, 2nd Floor<br>**Date:** February 25, 2008<br>**Time:** 10:30 a.m.<br><br>Complaint filed: December 7, 2007 |

**I.**

**INTRODUCTION**

Defendant CITY OF SAN DIEGO, and Defendants CITY OF SAN DIEGO NEIGHBORHOOD CODE COMPLIANCE DEPARTMENT ("NCCD") (collectively "the City"), as well as Defendants Mayor JERRY SANDERS ("Sanders"), City Council Members SCOTT PETERS ("Peters"), KEVIN FAULCONER ("Faulconer"), TONI ATKINS ("Atkins"),

TONY YOUNG ("Young"), BRIAN MAIENSHCEIN [sic] ("Maienschein"), DONNA FRYE ("Frye"), JIM MADAFFER ("Madaffer"), BEN HUESO ("Hueso"), NCC Director MARCIA SAMUELS ("Samuels"), NCC Land Development Investigator PAMELA JONES ("Jones"), and City Attorney MICHAEL J. AGUIRRE ("Aguirre")(Sanders, Peters, Faulconer, Atkins, Young, Maienschein, Frye, Madaffer, Hueso, Samuels, Jones and Aguirre are collectively referred to as "City Officials"),[1] hereby submit their joint reply to the Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss of Plaintiffs PACIFIC BEACH UNIFIED METHODIST CHURCH [sic] ("PBUMC") and APRIL HERRON ("Herron").

Plaintiffs have raised no cogent argument that should cause the Court to conclude that their complaint is ripe for judicial consideration. Accordingly, Plaintiffs' complaint, including each cause of action, must be dismissed because the same are not ripe for adjudication by this Court. In addition, Plaintiffs have raised no argument in response to the City Defendants' contentions that Plaintiffs' complaint must be for failure to plead facts in support of any claim particularly as to each of the City Officials as no formal action has yet been taken by any of them, or to the City Officials' qualified immunity. Thus, in addition to Plaintiffs' complaint being defective as lacking ripeness, Plaintiffs have not properly plead a claim for a constitutional deprivation under any theory against the City or the City Officials, and is subject to dismissal.

## II

## LEGAL ARGUMENTS

### A. Plaintiffs' Complaint Discloses No Facts of a Realistic Danger of Sustaining a Direct Injury

Plaintiffs' elaboration in their opposition to this motion of the series of conversations that occurred between Jones and Herron are an extreme exaggeration of the words contained in Plaintiffs' complaint, if not inconsistent. Indeed, through such fabricated elaborations, it apparent that Plaintiffs' objective is to impute a sense of antagonism aimed at Plaintiffs and their "ministry" activities by the City, or by Jones in particular. Nonetheless, generally, any material

---

[1] The City and City Officials are sometimes collectively referred to as "City Defendants."

beyond the pleadings in ruling on a Rule 12(b) (6) motion should not be considered. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.1994) (excluding material outside the pleadings from consideration on a Rule 12(b)(6) motion to dismiss). The Court must also consider the facts as they existed at the time that the complaint was filed. *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir.2001); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989) (existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed).

The gravamen of the City Defendants' motion to dismiss simply is that because little beyond the initial investigatory visit has occurred, Plaintiffs' complaint is not ripe for judicial consideration. On the substantive level, Plaintiffs have argued that their claims are ripe for judicial review because there is a "'credible threat' of imminent punishment and prosecution." Plaintiffs principally rely on *Doucette v. City of Santa Monica*, 955 F.Supp. 1192 (C.D. Cal. 1997), which – to Plaintiffs' credit, as they noted in their opposition – did not involve a ripeness issue, but merely a standing issue. Indeed, another case cited by Plaintiffs (which actually deals with a ripeness issue) holds that "[i]n evaluating the genuineness of a claimed threat of prosecution, [the court is to] look to whether the plaintiffs have articulated a 'concrete plan' to violate the law in question, whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and the history of past prosecution or enforcement under the challenged statute." *See, Thomas v. Anchorage Equal Rights Com'n*, 220 F.3d 1134, 1139 (9th Cir. 2000). Plaintiffs' complaint does not include any of these elements. *Also see, Scott v. Pasadena Unified School Dist.*, 306 F.3d 646, 662 (9th Cir. 2002)(as a prudential matter, court should not consider a claim to be ripe for judicial resolution if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all).

The language of Plaintiffs' complaint also does not assist them. For example, at paragraph 35 of Plaintiffs' complaint, they alleged that "Defendants told Plaintiffs that Plaintiffs' continuation of [their] activities <u>may</u> result in law enforcement action by Defendants, whose result would be to prevent Plaintiffs from taking part in these worship and religious faith

activities, a "substantial burden" on Plaintiffs' religious exercise if ever there was one." (*Complaint, p. 16, ll. 1-28*) (emphasis added). Additionally, at paragraph 44 of Plaintiffs' complaint, they alleged the following:

> On December 4, 2007, Pastor HERRON telephoned JONES again to discuss these "charges," which Plaintiffs had not, as yet, received in writing. On December 5, 2007 HERRON finally spoke with JONES, who said "We are still reviewing the whole thing." As Plaintiffs had feared, JONES said that the CITY will either (a) require Plaintiffs to seek a Conditional Use Permit to continue their religious activities, or (b) require Plaintiffs to discontinue the activities in "their entirety." She also threatened that consequences could include daily fines and a referral to the City Attorney for legal or court action.

(*Complaint, p. 16, ll. 1-28*) (emphasis added). The "may result" and "could include" language employed by Plaintiffs in their pleadings hardly suggests that any person named as a defendant, or even some other prosecuting authority, including City Attorney Aguirre, communicated a specific warning or threat to initiate criminal proceedings. At most, some administrative process, such as a conditional use permit, may occur, which is a further argument in favor of avoiding any premature judicial determination.

Plaintiffs only identified Jones, an employee of the City with no alleged supervisory capacity, or apparent authority to do anything but investigate, or articulated communication on behalf of anyone with ultimate decision-making, as the source of the so-called "prosecutorial threats." No allegations have been made regarding acts or threats by any of the other City Officials, or that would otherwise impute such actions to them. Moreover, even if Jones' own statements could qualify as a clear "prosecutorial threat," Plaintiffs' complaint discloses no facts that such threats were to be imminently carried out. Rather, in their opposition to the instant motion, and not in the complaint, Plaintiffs disingenuously suggest that the lack of any further action was in response to Plaintiffs' filing of this action. Nonetheless, there is no specific threat of future enforcement by prosecution, but only that the investigation was continuing. Plaintiffs' claims clearly rest upon contingent future events that may not occur as anticipated, if they occur at all. Even in their opposition, they acknowledge that no further enforcement, much less prosecutorial, action has occurred.

Plaintiffs also contend that their activities are protected religious exercise under the First Amendment and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). However, Plaintiffs also stretch the applicable legal theories beyond the established scope of either. For example, the First Amendment does not speak in terms of "substantial burden." The United States Supreme Court, since 1990, has embodied the rule with respect to free exercise challenges by holding that government enforcement of "valid and neutral law[s] of general applicability" that incidentally restrict religious exercise do not violate the Free Exercise Clause even if they burden religious exercise. *Employment Division, Dep't of Human Resources v. Smith*, 494 U.S. 872, 879-82 (1990). The *Smith* Court also rejected a requirement of a compelling interest when the burden on religion is substantial. *Smith, supra*, 494 U.S. at 883-84. *Also see*, *Guam v. Guerrero*, 290 F.3d 1210, 1215 (9th Cir. 2002) (neutral, generally applicable laws may be applied to religious practices, even when not supported by a compelling government interest).

On the other hand, RLUIPA does in fact articulate the "substantial burden of religious exercise" threshold as a basis for violation of its terms. *See*, *Guru Nanak Sikh Soc. v. County of Sutter*, 456 F.3d 978, 988-89 (9th Cir.2006) (land use regulation imposes a substantial burden on religious exercise when it is oppressive to a significantly great extent and imposes a significantly great restriction or onus upon such exercise). However, Plaintiffs have cited no authority actually construing RLUIPA to embrace any and all activities, including their own, merely because they are performed by a church under its own interpretation of its religious mission. Taken to its logical conclusion, this could embrace traditionally non-religious activities, including those not contemplated by RLUIPA. Notwithstanding, Plaintiffs' complaint neither discloses any actions nor alleges facts as of the time of their complaint by any of the City Defendants that have actually prevented them from engaging in the "religious exercise" they seek to continue unimpeded even for legitimate regulatory purposes. The ministry continues and there is no present indication what conditions may play out in the enforcement of the ordinance.

Altogether, Plaintiffs' argument, stripped of the inflammatory accusations (which do not even make for a good Hollywood script), only reinforce the City Defendants' position that

Plaintiffs' action is premature and therefore not ripe for judicial consideration. Thus, Plaintiffs' complaint should be dismissed, at least without prejudice, pending further official action that allows the Court to determine whether any constitutional or statutory violation has occurred.

**B. Plaintiffs' Offer No Arguments Regarding Defendant Officials' Defenses**

In their moving papers, the City Officials presented arguments that their actions were subject to defenses and qualified immunities. Plaintiffs, however, have offered no opposing arguments. Nor are there any allegations in their complaint that would otherwise impute liability to the City, as a municipality. *See, Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) (requiring proof that a city employee committed a constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local government); *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)(requiring that the constitutional tortfeasor was an official who possessed final policy-making authority and that the action of which he complained thus qualified as an official government policy). Plaintiffs have not alleged a custom or policy that represents a constitutional violation. Accordingly, Plaintiffs' complaint should be dismissed.

///

///

///

///

///

///

///

///

///

///

///

///

///

## III

## CONCLUSION

For the foregoing reasons, Defendants' Joint Motion to dismiss Plaintiffs' complaint should be granted. Plaintiffs' complaint is not ripe for judicial review and further fails to allege any facts implicating City or the City Officials with conduct violating Plaintiffs' either constitutional rights or their rights under RLUIPA.

Dated: February 19, 2008

MICHAEL J. AGUIRRE, City Attorney

By /s/
ROBERT J. WALTERS
Deputy City Attorney

Attorneys for Defendants CITY OF SAN DIEGO, CITY OF SAN DIEGO NEIGHBORHOOD CODE COMPLIANCE DEPARTMENT, JERRY SANDERS, SCOTT PETERS, KEVIN FAULCONER, TONI ATKINS, TONY YOUNG, BRIAN MAIENSHCEIN, DONNA FRYE, JIM MADAFFER, BEN HUESO, MARCIA SAMUELS, PAMELA JONES, and MICHAEL J. AGUIRRE